

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:                                   Opinion No. 0-7371
                                            Re: Securing of right-of-ways
                                                for the relocation of High-
                                                way #75 in Galveston County.

We are in receipt of your letter of August 20, 1946,
in which you requested the opinion of this department on the
question stated therein which reads as follows:

"The State Highway Department requested Gal-
veston County through the Commissioners Court to
secure rights-of-way for the relocation of High-
way No. 75.

"A copy of the minute passed by the State
Highway Commission was received and entered in
the minutes of the Court.

"As the State desired to start work this
year, a Right-of Way agent was employed by the
County. At this time the agent has secured deeds
and considerations paid grantors approximate
$50000.00. This amount has been paid out of cur-
rent Road and Bridge funds. I have been informed
the entire right-of-way of 300 feet in width to
the Harris County line may cost over $200,000.00.

"At the regular session of the 49th Legisla-
ture, H.J.R. No. 49 was enacted calling for a con-
stitutional amendment on page 1049 of session laws,
for the purpose of acquiring rights-of-way, etc.,
and for an election to be held in November 1946.

"Your opinion is respectfully requested, in
the event the amendment is adopted as to whether
the County will be reimbursed the amount expended

out of its current revenue, as well as such sums
as may be necessarily raised by either interest bear-
ing time warrants or a bond issue."

The proposed constitutional amendment which was enacted
by the 49th Legislature, H. J. R. No. 49, 1945, reads as follows:

"'Section 7-a.  Subject to legislative appro-
priation, allocation and direction, all net reve-
nues remaining after payment of all refunds allowed
by law and expenses of collection derived from mo-
tor vehicle registration fees, and all taxes, ex-
cept gross production and ad valorem taxes, on mo-
tor fuels and lubricants used to propel motor ve-
hicles over public roadways, shall be used for the
sole purpose of acquiring rights-of-way, construct-
ing, maintaining, and policing such public roadways,
and for the administration of such laws as may be
prescribed by the Legislature pertaining to the su-
pervision of traffic and safety on such roads; and
for the payment of the principal and interest on
county and road district bonds or warrants voted or
issued prior to January 2, 1939, and declared eli-
gible prior to January 2, 1945, for payment out of
the County and Road District Highway Fund under ex-
isting law; provided, however, that one-fourth ($\frac{1}{4}$)
of such net revenue from the motor fuel tax shall
be allocated to the Available School Fund; and, pro-
vided, however, that the net revenue derived by
counties from motor vehicle registration fees shall
never be less than the maximum amounts allowed to
be retained by each County and the percentage al-
lowed to be retained by each County under the laws
in effect on January 1, 1945.  Nothing contained
herein shall be construed as authorizing the pledg-
ing of the State's credit for any purpose.'"

Your attention is called to 9 Texas Jurisprudence 540,
which provides as follows:

"Although constitutions should be interpreted
prospectively, and not retrospectively, yet the ex-
ception is as well established as the general rule,
that they may operate retrospectively when it is ap-
parent that such was the intention, provided they do
not thereby impair vested rights."

Your attention is further called to 9 Tex. Jur. 426, wherein it is stated:

"The rules for statutory construction apply in the construction of constitutional provisions."

In that a constitutional provision is subject to the same interpretation as a statutory provision, your attention is called to the following authorities:

39 Tex. Jur. 54 states:

" . . . A statute will not be applied or construed retrospectively or given retroactive operation, so as to affect existing rights or create new obligations and impose new duties as to past transactions, unless it clearly appears, from its terms or at least by fair implication, that the Legislature so intended. On the contrary, a statute is generally held to operate prospectively unless a contrary construction is required by the terms or the nature and object of the law. It is always presumed that a statute, not relating merely to remedies and modes of procedure, is intended to operate prospectively, and all doubts are resolved in favor of such construction."

25 Ruling Case Law 787 provides as follows:

" . . . Even though the legislature may have the power to enact retrospective laws, a construction which gives to a statute a retroactive operation is not favored, and such effect will not be given unless it is distinctly expressed or clearly and necessarily implied that the statute is to have a retroactive effect. There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute. . ."

Sutherland, Statutory Construction, 2d Edition, page 1157, reads as follows:

"'Again, it is a well settled rule that laws are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the enacting body, and unless such construction is absolutely necessary to give meaning to the language used.'"

The Supreme Court of Texas adopted the opinion of Judge Taylor in Freeman v. W. B. Walker & Sons, 212 S. W. 637, wherein Judge Stayton is quoted in Mellinger v. City of Houston, 3 S. W. 249, which is decisive of the point here in question as follows:

"'In the absence of constitutional restrictions upon the subject, it is almost universally accepted as a sound rule of construction that a statute shall have only a prospective operation, unless its terms show clearly a legislative intention that it shall have a retroactive effect. There is nothing in the statute before us to evidence the intention of the Legislature to give --- a strictly retroactive effect' to the statute under consideration, 'and it must be held to be a valid law, governing in all actions brought to recover taxes after its passage, against which some valid defense did not exist at the time it took effect. It is true that the statute does not in terms restrict its operation to such actions as might be founded on causes of action not barred by laws in force at the time of its passage, and that its broad and general language might make it applicable to all actions thereafter brought, even upon causes of action then barred; but, if the statute was in terms such as to require such a construction, we are of the opinion that the constitution of this state forbids such legislation.'"

The provision, "shall be used for the sole purpose of acquiring right-of-ways", must be construed in the light of the above authorities to operate prospectively. It is, therefore, our opinion that if the proposed amendment is adopted by the people, the County of Galveston would not be reimbursed for money expended out of its current revenue for the purposes stated in your request.

Honorable I. Predecki, Page 5

The only time warrants or bonds eligible to
participate in the fund would be those voted or issued prior
to January 2, 1939, and declared eligible prior to January 2,
1945.

We are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        W. P. Watts
          Assistant

WPW:bw